### KEITH, DAVIS & CO. v. J. C. BLANTON.

RENT NOTE. *Payable to bearer. Attachment. Defenses.*

> The maker of a rent note payable to bearer, and transferred in good faith for value before maturity, is precluded from defenses to it in an attachment thereon for rent, just as in an ordinary action. Hence, he cannot show, as a failure of consideration of the note, that the title of his lessor passed to another before the term began.

FROM the circuit court of Lee county.

HON. NEWNAN CAYCE, Judge.

Attachment for rent by appellants against appellee on a rent note made by the latter, payable to bearer, and delivered to one Davis, by whom it was transferred to appellants before maturity. Blanton filed an affidavit to try the legality of the distress, and, on the trial, plaintiffs proved that the cotton distrained was raised on the leased premises, and that they acquired the note in good faith and for value. Defendant was then allowed, over plaintiffs' objection, to show that, after the renting of the land for 1893, and the execution of the note, which was in September, 1892, the land had been sold under an execution against Davis, the lessor, and purchased, in December, 1892, by the Allen West Commission Company, and that neither Davis nor his assignees, the appellants, had any title to the land in 1893, or right to the rent. The admission of this testimony presents the only question in the case. Judgment for defendant, and plaintiffs appeal.

*Clayton & Anderson,* for appellants.

No failure of consideration could be shown against the note payable to bearer, which was transferred to appellants in good faith and for value before maturity. *Craig* v. *Vicksburg,* 31 Miss., 216; *Hart* v. *Taylor,* 70 *Ib.,* 655.

It makes no difference that this is not an ordinary suit, but an attachment for rent. It cannot concern the defend-

ant whether he pays by money from his pocket or out of the proceeds of the cotton.

*Finley & Long,* for appellee.

The form of the agreement for rent has no effect on the rights of the landlord and tenant as to distress.    The rights exist regardless of the kind of writings between them, and even where there is none.    The right of distress is statutory, and is only given to the landlord; and when his title to the land passes to another, the rent claim passes as an incident.

Argued orally by *W. D. Anderson,* for appellants.

CAMPBELL, C. J., delivered the opinion of the court.

We fail to perceive why the preclusion of any defense by the maker of a promissory note payable to *bearer,* and transferred for value to a *bona fide* holder before maturity, which would entitle such holder to a recovery in an ordinary action, should not apply in all its force as between the same parties in an attachment for rent.    None of the cases cited by counsel for the appellee is in point; for in none is the feature of a note, payable to bearer, in the hands of an innocent holder for value presented.    The landlord has a lien on agricultural products, etc.    This passes to his assigns, and, in this case, the debt for rent, being evidenced by a promissory note, to which no defense can be made against an innocent holder for value, carried as an incident the remedy provided by law in such cases as an incident to the claim.

*Reversed and remanded for a new trial.*